**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| TODD M. STRUTHERS and SANDRA K STRUTHERS, | **Civil Action No.** |
| PLAINTIFFS, | |
| vs. | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| OCWEN LOAN SERVICING, LLC, | |
| DEFENDANT. | |

NOW COME the Plaintiffs, Todd M. Struthers ("Plaintiff" or "Todd"), and Sandra K. Struthers ("Plaintiff" or "Sandra") by and through their attorney, L. Ashley Zubal, and for their Complaint against the Defendant, Ocwen Loan Servicing (hereinafter "Defendant" or "Ocwen"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III.    PARTIES

3. Plaintiff, Todd Struthers, is a natural person residing in Dallas County, Iowa.

4. Plaintiff, Sandra Struthers, is a natural person residing in Dallas County, Iowa.

5. Defendant, Ocwen, is a business principally located in Florida who is engaged in the collection of debts owed to another in the State of Iowa.

6. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV.    FACTUAL ALLEGATIONS

8. At some point in time, the Plaintiffs incurred a financial obligation to GMAC Mortgage (account ending in 8374) that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The Plaintiffs obtained a loan from GMAC which was secured by a second mortgage against real property located at 4017 Pleasant Street, Des Moines, IA 50312 ("the property").

10. At some point in time the Plaintiffs defaulted loan obligation with GMAC. For other financial reasons, the Plaintiffs filed for Chapter 7 bankruptcy relief on July 27, 2010, bankruptcy case no. 10-03793.

11. As of the date of the bankruptcy filing, the Plaintiffs have ceased making payment to GMAC on the second mortgage.

12. At the time the Plaintiffs filed for bankruptcy protection GMAC was listed as a secured creditor.

13. The Plaintiffs did not execute a reaffirmation agreement.

14. The Plaintiffs received their Chapter 7 Bankruptcy Discharge on October 26, 2010. Any debts owed to GMAC were discharged in the bankruptcy.

15. Bankers Trust, the first mortgage lien holder against the property, instituted a foreclosure action, EQCE067195, against the Plaintiffs on December 03, 2010.

16. GMAC did not attach themselves to the foreclosure action as a junior lien holder.

17. Judgment against the Plaintiffs in the foreclosure action was entered on February 25, 2011 and a special executed sale of the property occurred on September 01, 2011. Bankers Trust filed a Satisfaction in Full on September 09, 2011.

18. Sometime thereafter, GMAC sold, assigned, or otherwise transferred the loan to the Defendant for collection, when thereafter the Plaintiffs began receiving collection communications from the Defendant in an attempt to collect this debt.

### *Collection Communication Dated February 16, 2013*

19. The Plaintiffs received correspondence from the Defendant dated February 16, 2013. Said notice advised the Plaintiffs that the servicing of account ending in 8374 was transferred to the Defendant.

20. The notice went on to advise the Plaintiffs that the total amount of the debt was \$42,524.59, that the amount may be higher due to interest, late charges, and other charges and that those charges may continue to accrue on the account.

3

21. The notice included the statement "This is an attempt to collect a debt and any information obtained will be used for that purpose."

22. The notice also included the following Notice regarding Bankruptcy:

If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharge debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

23. This notice is entirely misleading as it attempts to collect a debt then attempts to retract that statement. The notice misrepresents that the notice is only to protect a lien interest wherein no lien interest exists.

24. Notwithstanding the misleading nature of said correspondence, the Defendants continued communications with the Plaintiffs infringes on their ability to obtain a "fresh start" pursuant the purpose of the Chapter 7 Bankruptcy Discharge.

25. As a result of said correspondence, the Plaintiff, Todd, felt emotional distress, fear, anxiety, nervousness, stress, time from work and anger.

26. As a result of said correspondence, the Plaintiff, Sandra, felt emotional distress, panic, fear, anxiety, nervousness, stress, loss of sleep, and anger.

27. This correspondence from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692(f)(1), amongst others.

4

## V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

28. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Ocwen Loan Servicing, LLC, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiffs pray that judgment be entered against the Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiffs;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiffs;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiffs; and

- For such other and further relief as may be just and proper.

5

## VI.   JURY DEMAND

The Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFFS

6